## Kotch v. Westmoreland County

L. *Alexander Sculco* and *Joseph M. Loughran,* for plaintiff.

*Vincent E. Williams,* for defendant.

BAUER, J., April 21, 1948.—This case comes before the court on a case stated and requires a judicial determination of the effect of the Act of July 5, 1947, P. L. 1308, sec. 17, and the Act of June 25, 1947, P. L. 973.

The Act of July 5, 1947, gives the county salary board the power to fix the number of assistant county detectives as well as assistant district attorneys, and also gives the said salary board the right to fix the salaries. While the Act of June 25, 1947, fixes the number of assistant district attorneys and assistant county detectives, and their salaries.

It is evident that the power to fix the number of assistants and their salaries cannot be vested in two separate agencies.

The applicable section, namely, section 17 of the Act of July 5, 1947, is as follows:

"In counties of the third and fourth classes, the district attorney may appoint one chief county detective, and as many assistant county detectives as may be fixed by the salary board of the county. *Each such detective shall receive an annual salary to be fixed by the salary board.*" (Italics supplied.)

The said Act of June 25, 1947, is as follows:

"The annual salaries of the following county officers of counties of the third class shall be as follows: . . . the five assistant county detectives, two thousand, eight hundred sixty Dollars ($2,860), each."

It is to be noted that the Act of June 25, 1947, became effective on the first Monday of January 1948, while the Act of July 5, 1947, became effective on July 1, 1947, it having been approved after its effective date.

We are of the opinion that the two acts cannot be reconciled and that under the Statutory Construction Act of May 28, 1937, P. L. 1019, article IV, sec. 65, the Act of July 5, 1947, prevails. The Statutory Construction Act reads as follows:

"Whenever the provisions of two or more laws passed during the same session of the legislature are irreconcilable, *the law latest in date of final enactment, irrespective of its effective date, shall prevail from the time it becomes effective* except as otherwise provided

176

in sections seventy-two and ninety-four." (Italics supplied.)

We have examined concurrent legislation and it is to be noted that the general policy and intent of the General Assembly, during the 1947 session, attempted to divest itself of many powers which had previously been reserved to the State. It is evident that it was the legislature's intent to vest in local authority the power to limit expenditures as well as the power to tax many items which had previously been restricted. "Concurrent legislation may show legislative intention."

Green's Dairy et al. v. Pennsylvania Milk Control Commission, 48 Dauph. 385. The above case was appealed to the Supreme Court, and in an opinion by Mr. Chief Justice Schaffer, on October 28, 1940, in 340 Pa. 1, was affirmed.

Following this line of reasoning, we are of the opinion that after the Act of June 25th was enacted the legislature changed its mind and enacted the Act of July 1st.

"However, there is nothing to prevent the legislature, if it sees fit, even during the same session, from changing its mind with respect to a particular subject of legislation, and if the two acts are in irreconcilable conflict and cannot stand together, *then the earlier must give way to the later.*" Commonwealth ex rel. Matthews v. Lomas, 302 Pa, 105. (Italics supplied.)

Section 23, of the Act of July 5, 1947, says, inter alia:

"Thereupon the number and compensation of all such officers, deputies, assistants, clerks and persons, whether fixed by statute or by any other method, are hereby repealed." This clearly shows what the legislative intent was.

In accordance with the above opinion we enter the following

## Decree

And now, to wit, April 21, 1948, judgment is entered in favor of Joseph Kotch, plaintiff, and against the County of Westmoreland, in the sum of $18.34, with interest thereon from January 15, 1948, and the County of Westmoreland is hereby ordered and directed to pay all of the assistant county detectives at the rate of $3,300 per year, and the chief county detective $3,810 per year, as directed by the salary board at its meeting of January 5, 1948.